No. 25-3650

_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

FAYE IRENE GUENTHER,

Plaintiff-Appellee,

and

UNITED FOOD AND COMMERCIAL WORKERS
UNION - LOCAL 3000; et al.,

Plaintiffs,

v.

JOSEPH H. EMMONS and OSPREY FIELD SERVICES, LLC,

Defendants-Appellants.

_____

On Appeal from the United States District Court
for the Eastern District of Washington
Case No. 2:22-cv-00272-TOR
Hon. Thomas O. Rice, District Judge
_____

**APPELLANTS' OPENING BRIEF**
_____

John A. DiLorenzo, Jr.
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, OR 97205
Telephone: (503) 241-2300
johndilorenzo@dwt.com
*Counsel for Defendants-Appellants*

*Additional counsel on inside cover*

Ambika Kumar
Sara A. Fairchild
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
ambikakumar@dwt.com
sarafairchild@dwt.com
*Counsel for Defendants-Appellants*

Matthew E. Ladew
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Fl.,
Los Angeles, CA 90071-3487
Telephone: (213) 633-6800
mattladew@dwt.com
*Counsel for Defendants-Appellants*

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................1

JURISDICTIONAL STATEMENT ...................................2

ISSUE PRESENTED ........................................................3

STATEMENT OF THE CASE ............................................3

    A.    Guenther and Three Unions Sue Emmons. ..........................3

    B.    Guenther Invokes RCW 4.84.250. .........................................5

    C.    The District Court Grants Summary Judgment for Emmons. ................................................................................7

    D.    The District Court Holds RCW 4.84.250 Does Not Apply and Denies Emmons's Request for Fees. .....................7

SUMMARY OF ARGUMENT ..................................................8

STANDARD OF REVIEW....................................................10

ARGUMENT ......................................................................11

I.    THE DISTRICT COURT ERRED IN DENYING EMMONS'S FEES MOTION ................................................11

    A.    Emmons Satisfied RCW 4.84.250's Statutory Requirements and Is Entitled to Mandatory Attorneys' Fees.........................................................................................11

        1.    RCW 4.84.250 mandates an attorneys' fees award where the plaintiff's claim for damages is $10,000 or less and the defendant is the prevailing party. ......11

        2.    Guenther pleaded under $10,000, and Emmons prevailed, entitling him to fees. ...................................13

i

B.      The District Court Concluded RCW 4.84.250 Does Not Apply Here, Overlooking Its Previous Correct Findings of Fact and Application of Law. ................................................ 15

C.      RCW 4.84.250 Applies in Federal Court Diversity Actions Under *Erie*. ................................................................... 19

     1.      No Federal Rule of Civil Procedure answers the question in dispute. ................................................... 20

     2.      RCW 4.84.250 applies under an unguided *Erie* analysis. ................................................................. 23

         a.      Failure to apply RCW 4.84.250 would discriminate against litigants ............................ 23

         b.      Failure to apply RCW 4.84.250 would frustrate *Erie*'s core policies. .............................. 24

II.      EMMONS IS ALSO ENTITLED TO HIS FULL COSTS INCURRED AND CLAIMED BELOW .......................................... 27

III.      EMMONS RESPECTFULLY REQUESTS THIS COURT AWARD HIM ATTORNEYS' FEES UNDER RCW 4.84.290 ........ 28

CONCLUSION ....................................................................................... 30

STATEMENT OF RELATED CASES ................................................. 32

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ....................... 33

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.,*
738 F.3d 960 (9th Cir. 2013)................................................................21

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,*
421 U.S. 240 (1975)........................................................ 21, 22, 25

*Barry v. Bowen,*
825 F.2d 1324 (9th Cir. 1987) ................................................3

*Beckmann v. Spokane Transit Auth.,*
733 P.2d 960 (Wash. 1987) .................................... 6, 14, 15, 23

*Chavez v. JPMorgan Chase & Co.,*
888 F.3d 413 (9th Cir. 2018)........................................ 17, 18

*Close v. Sotheby's, Inc.,*
909 F.3d 1204 (9th Cir. 2018)............................................12

*CRST Van Expedited, Inc. v. Werner Enters., Inc.,*
479 F.3d 1099 (9th Cir. 2007)............................................22

*Doc's Dream, LLC v. Dolores Press, Inc.,*
959 F.3d 357 (9th Cir. 2020)................................................2

*Elliott Bay Adjustment Co. v. Dacumos,*
401 P.3d 473 (Wash. Ct. App. 2017)...........................11, 14

*Gasperini v. Ctr. for Humans., Inc.,*
518 U.S. 415 (1996)..............................................23, 24, 25

*Grove v. Wells Fargo Fin. Cal., Inc.,*
606 F.3d 577 (9th Cir. 2010)..............................................27

*Guaranty Tr. Co. of N.Y. v. York,*
326 U.S. 99 (1945)..............................................................24

*Hanna v. Plumer,*
    380 U.S. 460 (1965) ............................................................ 19

*Hughes v. Kore of Ind. Enter., Inc.,*
    731 F.3d 672 (7th Cir. 2013) ............................................ 26

*In re Cnty. of Orange,*
    784 F.3d 520 (9th Cir. 2015) ............................... 20, 23, 25

*Indep. Living Ctr. of S. Cal., Inc. v. Kent,*
    909 F.3d 272 (9th Cir. 2018) ............................................ 21

*K.C. ex rel. Erica C. v. Torlakson,*
    762 F.3d 963 (9th Cir. 2014) ............................................ 11

*Kona Enters., Inc. v. Estate of Bishop,*
    229 F.3d 877 (9th Cir. 2000) ..................................... 12, 13

*LaRoche v. Smith,*
    No. C15-1003 TSZ, 2016 WL 1365951 (W.D. Wash. Apr. 6, 2016) .... 12

*Lay v. Hass,*
    51 P.3d 130 (Wash. Ct. App. 2002) ........................ 13, 14, 28

*Lowery v. Nelson,*
    719 P.2d 594 (Wash. Ct. App. 1986) ................................ 28

*Mangold v. Cal. Pub. Utils. Comm'n,*
    67 F.3d 1470 (9th Cir. 1995) ............................................ 22

*MRO Comm'cns, Inc. v. AT&T Co.,*
    197 F.3d 1276 (9th Cir. 1999) ............................... 12, 21, 22

*Mt. Graham Red Squirrel v. Madigan,*
    954 F.2d 1441 (9th Cir. 1992) ............................................ 3

*Northon v. Rule,*
    637 F.3d 937 (9th Cir. 2011) ............................................ 21

*Northside Auto Serv., Inc. v. Consumers United Ins. Co.,*
    607 P.2d 890 (Wash. Ct. App. 1980) ................................ 25

iv

*Pa. Life Ins. Co. v. Emp. Sec. Dep't,*
645 P.2d 693 (Wash. 1982) ............................................................ 22

*Pub. Utils. Dist. 1 of Grays Harbor Cnty. v. Crea,*
945 P.2d 722 (Wash. Ct. App. 1997) .................................. 6, 13, 14, 23

*Rodriguez v. County of Los Angeles,*
891 F.3d 776 (9th Cir. 2018) .......................................................... 12

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.,*
559 U.S. 393 (2010) (majority opinion) ...................................... 19, 20

*Sherman v. Kissinger,*
195 P.3d 539 (Wash. Ct. App. 2008) ............................................... 18

*St. Paul Mercury Indem. Co. v. Red Cab Co.,*
303 U.S. 283 (1938) ................................................................. 17, 18

*Target Nat'l Bank v. Higgins,*
321 P.3d 1215 (Wash. Ct. App. 2014) .............................. 15, 18, 23, 28

*Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.,*
460 F.3d 1253 (9th Cir. 2006) ........................................................ 27

*Vizcaino v. Microsoft Corp.,*
290 F.3d 1043 (9th Cir. 2002) ........................................................ 12

**Statutes**

28 U.S.C. § 1920 ......................................................................... 27

28 U.S.C. § 1291 ........................................................................... 2

RCW 4.84.250 ....................................................................... *passim*

RCW 4.84.270 ....................................................................... *passim*

RCW 4.84.290 ............................................................... 2, 10, 28

RCW 4.84.300 ............................................................................. 19

**Rules**

Fed. R. App. P. 4(a) .................................................................... 3

Fed. R. Civ. P. 54(d)(2) ....................................................... 20, 21

Fed. R. Civ. P. 59(e) ................................................................... 3

## INTRODUCTION

This appeal arises from the district court's erroneous denial of mandatory attorneys' fees under RCW 4.84.250, a Washington statute designed to reward successful small-value claims and penalize pursuing those that are unjustified. RCW 4.84.250 requires an award of attorneys' fees when a plaintiff or defendant prevails in an action for $10,000 or less.

In this case, the defendants prevailed. Plaintiff Faye Guenther admitted her individual damages have always been under $10,000. Yet she maintained a costly and unjustified action against Defendant Joseph Emmons.[1] It is settled law in this Circuit that state fee-shifting statutes apply in federal diversity actions. Accordingly, the statute applies here. And it should—to vindicate Washington's important, sensible policy of, on the one hand encouraging settlements, and, on the other, deterring unjustified, small-value claims. Guenther chose to pursue a small-value defamation claim against Emmons—a claim that

---

[1] Defendants-Appellants are Emmons and his company, Osprey Field Services, LLC. No relevant distinction between those parties exists for purposes of this appeal, so we refer to Defendants collectively as Emmons.

1

threatened Emmons's credibility and therefore his livelihood.  Despite

months of costly discovery, Guenther failed to raise a triable issue of

fact as to Emmons's liability.  But Guenther nevertheless succeeded in

causing Emmons to incur substantial attorney fees to defend

Guenther's meritless claim.[2]  Washington law mandates an award of

attorney fees in cases like this one.

The district court erred in concluding otherwise.  This Court

should thus reverse and remand with directions to grant Emmons's fee

motion in its entirety.  It should also award Emmons his reasonable

attorneys' fees on appeal, to which he has a statutory right under

RCW 4.84.290.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1291 over the final

judgment incorporating the fees order.  1-ER-3; 1-ER-4–6; *Doc's Dream,*

*LLC v. Dolores Press, Inc.*, 959 F.3d 357, 359 (9th Cir. 2020).  Emmons

timely noticed the appeal on June 6, 2025, 3-ER-441–42, after the

district court denied his motion to reconsider on May 16, 2025.  1-ER-7–

---

[2] Guenther voluntarily dismissed her appeal of the summary judgment order. Dkt. 9.

8; Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(1), 4(a)(4)(A)(iv); *Barry v. Bowen*, 825 F.2d 1324, 1329 (9th Cir. 1987) ("timely Rule 59(e) motions" "toll[] the time for appeal"), *overruled on other grounds as recognized in Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462 (9th Cir. 1992).

## ISSUE PRESENTED

Whether the district court erred by denying mandatory attorneys' fees under RCW 4.84.250, which requires a fee award to a prevailing defendant in an action for $10,000 or less, after entering summary judgment for Emmons when Guenther had pleaded damages under $10,000.

## STATEMENT OF THE CASE

### A.    Guenther and Three Unions Sue Emmons.

In July 2022, Guenther, United Food and Commercial Workers ("UFCW") Local 3000, and that union chapter's predecessors, UFCW Locals 21 and 1439, sued Emmons in Washington state court for defamation and false light based on a flyer he distributed.  3-ER-429–40.  The flyer urged a no vote on a merger between UFCW Locals 21 and 1439.  3-ER-373.  It stated, among other things, that Guenther, as president of UFCW Local 21, had helped two different UFCW Local

3

presidents "cover up" or "hide from sexual harassment charges," including to facilitate the merger. *Id.*

Emmons did not create the flyer. 2-ER-115. He provides community outreach services, including distributing informational materials for ballot initiatives, public concerns, and recall elections. 2-ER-133 ¶¶ 6–7. He did not even know of the individuals named in the flyer. 2-ER-115 (discussing individuals who created the flyer); 2-ER-169 ¶ 81. Guenther had learned the creators' identities from depositions she took at the outset of discovery. 3-ER-314 ¶ 6; 3-ER-317 ¶ 22.

In this action against Emmons, the Complaint primarily asserts the *unions'* damages. The unions claimed the flyer harmed them because it impugned "their officers' professionalism, ability to conduct business, and competence." 3-ER-437–38 ¶ 4.3. "Further," they alleged, the flyer was "crafted to seem credible and to cause maximum damage and interfere with the internal affairs of UFCW 1439 and UFCW 21." *Id.* The unions additionally claimed the flyers "were published in a way aimed at causing maximum damage to the organization and its officers." 4-ER-438 ¶ 4.4. The Complaint discussed how the flyer "required a response and explanation" and how "UFCW 3000 still

4

allocates staff time to address the impact of the defamatory statements made in the flyer." 3-ER-438–39 ¶ 4.8. As for Guenther, the complaint alleges that she suffered reputational damages, emotional distress, and "pain and suffering." 3-ER-438–39 ¶¶ 4.8, 5.2.

In a joint status report, the unions and Guenther stated their collective damages were "not less than $250,000." 3-ER-426; 3-ER-420 ¶ 17. Emmons promptly removed to the United States District Court for the Eastern District of Washington. 3-ER-420 ¶ 18.

After removing, Emmons moved to dismiss. 3-ER-387–415. The district court denied the motion but *sua sponte* dismissed the union entities, leaving Guenther as the sole plaintiff. 3-ER-385–86. Emmons answered, 3-ER-343–71, and Guenther chose to pursue her sub-$10,000 case against Emmons alone.

**B.  Guenther Invokes RCW 4.84.250.**

During discovery, Guenther's counsel sent a letter invoking RCW 4.84.250, a Washington fee-shifting statute. 3-ER-338–39. The letter stated it was "notice of the applicability of RCW 4.84.250" and asserted Guenther's damages were "under $10,000." *Id.*

5

Ironically, Guenther's notice was intended to allow her to collect attorneys' fees if she won and was contained in a letter to Emmons's counsel calculated to pressure Emmons to pay her the full amount therein demanded for her unjustified claim.[3]  RCW 4.84.250 mandates recovery for the "prevailing party" of "reasonable . . . attorneys' fees" in actions where the "amount pleaded" is $10,000 or less.  For purposes of the statute, an amount is "pleaded" any time notice is given before trial and is thus not limited to a complaint and can extend to a letter like Guenther's.  *See Beckmann v. Spokane Transit Auth.*, 733 P.2d 960, 961–62 (Wash. 1987).  Notably here, the "defendant . . . shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff . . . recovers nothing."  RCW 4.84.270; *see Pub. Utils. Dist. 1 of Grays Harbor Cnty. v. Crea*, 945 P.2d 722, 724 (Wash. Ct. App. 1997) ("Under [RCW 4.84.250 and 4.84.270], when a plaintiff seeks less than $10,000 in damages and recovers nothing, the defendant is entitled to attorney's fees.").

---

[3] UFCW Local 3000 has been funding Guenther's litigation.  2-ER-289 ¶ 112; 2-ER-240 at 122:1–6; 2-ER-258.

C.   **The District Court Grants Summary Judgment for Emmons.**

Evidence withheld by Guenther for five months demonstrated that she was a limited-purpose public figure for defamation-law purposes. *Compare* 3-ER-331–34 (long list of documents in possession in initial disclosures), *with* 3-ER-315 ¶ 11 (only twelve documents ultimately produced in response to single request for production).  Moreover, deposition testimony elicited in the first few months of discovery confirmed that Emmons believed the truth of the flyer's statements.  2-ER-127; *see also* 2-ER-285 ¶ 86.  The district court determined that Guenther had no clear and convincing evidence of Emmons's negligence, let alone actual malice, toward Guenther.  2-ER-126–28.  Her defamation and false light claims thus both failed altogether, and Emmons was entitled to summary judgment.  2-ER-128.

D.   **The District Court Holds RCW 4.84.250 Does Not Apply and Denies Emmons's Request for Fees.**

Emmons moved for fees under RCW 4.84.250.  2-ER-93.  In opposing the motion, Guenther did not dispute the reasonableness of the attorneys' fees amount Emmons sought.  2-ER-32–59.

The district court denied the motion.  It concluded that it would not have subject-matter jurisdiction if the case involved only $10,000

7

and accordingly declined to award fees. 1-ER-5. It did not reach the question whether Emmons is entitled to his nontaxable costs. *See* 2-ER-29 (arguing Emmons can recover "reasonable litigation expenses as part of" his attorneys' fees).

Emmons moved for reconsideration, noting that the district court earlier in the case had held that RCW 4.84.250 does apply and does not implicate the court's subject-matter jurisdiction, which is measured at the time of removal. 2-ER-15–16. The district court denied reconsideration, pointing to "the reasons the Court expressed in its original order." 1-ER-8.

This appeal followed.

## SUMMARY OF ARGUMENT

The district court erred in holding that RCW 4.84.250 does not apply here. This Court should reverse the order denying Emmon's attorneys' fees motion, including nontaxable costs.

RCW 4.84.250 states that attorneys' fees "shall be taxed and allowed to the prevailing party" when the "maximum amount" pleaded is $10,000. RCW 4.84.270, in turn, provides that the "defendant . . .

8

shall be deemed the prevailing party within the meaning of
RCW 4.84.250, if the plaintiff . . . recovers nothing."

By its plain terms, RCW 4.84.250 mandates an award of fees in
this case. Guenther's personal damages since the case's inception have
been under $10,000. Emmons was also deemed the prevailing party
under RCW 4.84.270, given that when he won on summary judgment,
Guenther recovered nothing.

Contrary arguments cannot avoid this straightforward conclusion.
To start, the district court's decision overlooked its prior findings of the
fact and application of the law. As noted, Guenther's personal damages
have always been under $10,000. When this case was removed, the
union entity plaintiffs claimed most of the damages. After those
entities were dismissed, the court continued to have jurisdiction, which
was measured at the time of removal. The district court overlooked this
settled law and that this case concerned under $10,000 before Emmons
even answered.

Guenther's *Erie* argument, raised below, also fails. No federal
rule displaces the right to attorneys' fees under state law. And
crucially, this Court has routinely said it is substantive law that applies

9

in diversity actions for *Erie* purposes.  Not allowing the prevailing party to collect fees on an unjustifiably pursued small-value claim would frustrate *Erie*'s core purposes.

Finally, Emmons respectfully requests reasonable fees incurred in this appeal, to which he is entitled by statute if he prevails here.  *See* RCW 4.84.290 ("[T]he court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.").

This Court should reverse the denial of Emmons's fee motion and remand with instructions to grant the motion, including awarding Emmons the remainder of his requested costs.  Emmons also respectfully requests this Court award him reasonable attorneys' fees incurred on appeal under RCW 4.84.290.

## STANDARD OF REVIEW

Because the district court's fee denial rested on statutory interpretation and jurisdictional law, this Court's review is de novo. Although an attorneys' fee decision is commonly reviewed for abuse of discretion, "[a]ny elements of legal analysis and statutory interpretation that figure in the district court's attorneys' fees decision are reviewed de

novo." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014) (quoting *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002)). The district court relied entirely on its legal conclusion that "[i]f this case only involved less than $10,000, this Court would not have jurisdiction over the lawsuit." 1-ER-5. Moreover, Guenther forfeited any argument regarding reasonableness of fees by failing to raise it below. 2-ER-32–59.

## ARGUMENT

## I. THE DISTRICT COURT ERRED IN DENYING EMMONS'S FEES MOTION

### A. Emmons Satisfied RCW 4.84.250's Statutory Requirements and Is Entitled to Mandatory Attorneys' Fees.

#### 1. RCW 4.84.250 mandates an attorneys' fees award where the plaintiff's claim for damages is $10,000 or less and the defendant is the prevailing party.

RCW 4.84.250 provides that where the damages "pleaded" are $10,000 or less, the court "shall" award "to the prevailing party" "a reasonable amount to be fixed by the court as attorneys' fees." By its plain text, then, "[a]n award of attorney fees under RCW 4.84.250 is mandatory if the defendant meets the criteria of the statute." *Elliott Bay Adjustment Co. v. Dacumos*, 401 P.3d 473, 478 (Wash. Ct. App.

11

2017).  A defendant is "deemed the prevailing party" where the plaintiff "recovers nothing."  RCW 4.84.270.

Like other state fee-shifting statutes, RCW 4.84.250 applies when federal courts sit in diversity.  *See, e.g., MRO Comm'cns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1282–83 (9th Cir. 1999) (applying Nevada's offer-of-judgment statute to allow recovery of attorneys' fees in federal court); *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018) (state law governs right to fees in diversity cases); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018) ("Calculation of attorney's fee awards in cases brought under state law is a substantive matter to which state law applies."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees."); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."); *LaRoche v. Smith*, No. C15-1003 TSZ, 2016 WL 1365951, at *6 (W.D. Wash. Apr. 6, 2016) (sitting in diversity and granting leave to seek fees under RCW 4.84.250).

"The purpose of RCW 4.84.250 is to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims." *Pub. Utils.*, 945 P.2d at 724 (quoting *Beckmann*, 733 P.3d at 961). The amount "pleaded" need not "be given at the original pleading stage," so long as the other side is given proper notice. *See Beckmann¸* 733 P.2d at 961–62. Settlement offers and other communications outside the pleadings can provide such notice. *Id.* at 962 (communication that was provided "11 days prior to trial, and specifically mentioned RCW 4.84.280," gave sufficient "opportunity to settle"); *Lay v. Hass*, 51 P.3d 130, 133–34 (Wash. Ct. App. 2002) (fee motion disclosing $433 amount in controversy and filed a month before summary judgment ruling gave other party sufficient notice and opportunity to settle).

### 2. Guenther pleaded under $10,000, and Emmons prevailed, entitling him to fees.

Guenther "pleaded" her damages for RCW 4.84.250 purposes with her letter, sent ten months before the summary judgment order. 3-ER-338–39. The letter stated that after the case was removed, "plaintiffs UFCW 3000, UFCW 1439, and UFCW 21 were dismissed as parties[, ] . . . leav[ing] Guenther as the sole claimant with damages under

13

$10,000." 3-ER-338. In other words, Guenther's pleaded damages had been under $10,000 since this case began. To preserve her ability to receive attorneys' fees, Guenther's letter made clear it was a "notice of the applicability of RCW 4.84.250." *See* 3-ER-339.

Guenther's letter sufficed as pleading damages under the statute because it provided express notice of the amount claimed (under $10,000) and invoked RCW 4.84.250. *See Beckmann*, 733 P.2d at 962 (settlement offer provided notice); *Lay*, 51 P.3d at 133–34 (fee motion provided notice).

Emmons prevailed on summary judgment; Guenther took nothing. 2-ER-129; *see* RCW 4.84.270. Moreover, he notified Guenther that he intended to seek fees if he prevailed—even though he was not required to do so. 3-ER-341; *see Pub. Utils.*, 945 P.2d at 724–25. Emmons was accordingly entitled to mandatory fees as the prevailing party pursuant to RCW 4.84.250 & 270. *See Elliot Bay*, 401 P.3d at 478.

The fact that originally all the plaintiffs collectively sought over $250,000 is of no moment. Guenther was always personally pursuing a small-value case, and the case was entirely hers from the moment the union plaintiffs were dismissed and before Emmons even answered. 3-

14

ER-338–39; 3-ER-385–86; 3-ER-343–71. Guenther's choice to press that case against Emmons—a mere distributor—as the only defendant is precisely the "unjustifiabl[e]" manner of litigating small-value claims that the statute was intended to deter. *See Beckmann*, 733 P.2d at 961 (statute intended "to penalize parties who unjustifiably bring or resist small claims"); *Target Nat'l Bank v. Higgins*, 321 P.3d 1215, 1219 (Wash. Ct. App. 2014) (same).

Nor does it matter that Emmons's fees exceed the amount Guenther pleaded: "the size of the controversy must not be considered when fees are awarded under RCW 4.84.250." *Higgins*, 321 P.3d at 1224–29 (approving cases in other contexts where fee awards up to "157 times the amount of the damages" were affirmed). If dubious claims reasonably cost a lot to defend, the plaintiff has only herself to blame when the fees shift.

## B. The District Court Concluded RCW 4.84.250 Does Not Apply Here, Overlooking Its Previous Correct Findings of Fact and Application of Law.

The district court incorrectly held that RCW 4.84.250 did not apply because Guenther sought over $10,000 in damages, concluding it would otherwise lack jurisdiction over the case. 1-ER-5. The court

15

stated that it had jurisdiction only because the amount in controversy "exceeded $75,000": "If this case only involved less than $10,000, this Court would not have jurisdiction over the lawsuit." *Id.* It also stated that "*Plaintiff*," meaning Guenther and not the collective union entities, "sought damages in excess of $10,000." *Id.* (emphasis added). The district court erred.

To start, the district court's factual premise was wrong. Guenther never sought more than $10,000 in damages in this case. Rather, the union entity plaintiffs collectively satisfied the amount in controversy at the time of removal. 3-ER-420 ¶¶ 17–18; 3-ER-426. When all but one of those plaintiffs were dismissed, and before Emmons even answered, the sole remaining plaintiff's claimed damages were $10,000 or less. 3-ER-338–39; 3-ER-385–86; 3-ER-343–71 Put simply, for Guenther, this case has been about less $10,000 from the point attorneys' fees began to accrue. *See* 3-ER-338–39.

The district court, in fact, had concluded as much earlier in the proceedings. It correctly observed that Guenther had "misunderst[ood] . . . the Ninth Circuit's removal jurisprudence," since the inquiry is whether "the amount in controversy is assessed at the time of removal."

16

3-ER-302–03.  It expressly rejected the exact premise on which it eventually relied, noting it need not "remand the action if it is to consider Defendants' request for attorneys' fees under RCW 4.84.250" because "the Court had subject matter jurisdiction at the time the notice of removal was filed . . . ."  3-ER-303.

In its later ruling on the fees motion, the district court misapplied the same law.  It is well settled that the amount in controversy is measured at the time of filing or removal.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[W]e consider damages that are claimed at the time the case is removed by the defendant."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938).  And subsequent events that "reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."  *Id.* at 293.  As directly relevant here, this Court has observed that a "partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction."  *Chavez*, 888 F.3d at 417.

The district court failed to heed these principles.  Multiple plaintiffs originally claimed aggregate damages of over $250,000, and

17

removal was appropriate. 3-ER-301; 3-ER-420 ¶¶ 17–18. True, the dismissal of the union entities post-removal lowered the damages at issue dramatically. But because diversity is measured at the time of removal, a court does not lose jurisdiction simply because a case that proceeds fails to meet the amount-in-controversy requirement. *See Chavez*, 888 F.3d at 417; *St. Paul*, 303 U.S. at 293. Otherwise, for example, a federal court would not have diversity jurisdiction to enter judgment on a jury verdict for under $75,000.

Neither of the cases the district court cited support its contrary conclusion. Indeed, one of the cases supports Emmons and explains that "notice in the original pleadings [i]s not necessary"—just "some type of notice so that the opposing party would realize . . . [they] should settle or else risk paying the prevailing party's attorney's fees." *Higgins*, 321 P.3d at 1220. The other case involved a plaintiff who, unlike Guenther, asserted a claim for "in excess of $10,000" and, also unlike Guenther, expressly alleged in the complaint that the "case is not subject to RCW 4.84.250." *See Sherman v. Kissinger*, 195 P.3d 539, 550 (Wash. Ct. App. 2008).

18

Finally, to the extent the district court insinuated the statute applies only in a state court of inferior jurisdiction (such as a small claims court), it was mistaken on that score as well. "The provisions of RCW 4.84.250 through 4.84.290 . . . apply regardless of" whether the suit is initiated in a court of limited or unlimited jurisdiction. RCW 4.84.300.

## C. RCW 4.84.250 Applies in Federal Court Diversity Actions Under *Erie*.

RCW 4.84.250 applies when federal courts sit in diversity and is consonant with federal law, despite Guenther's contrary argument below.

In federal diversity cases, courts apply state substantive law and federal procedural law. If a Federal Rule of Civil Procedure "answers the question in dispute[,] . . . it governs." *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (majority opinion).[4] Otherwise, the court undertakes an "unguided *Erie*" inquiry to decide whether to apply the state statute or federal common law. *Hanna v.*

---

[4] *See id.* at 416–17 (Stevens, J., concurring in part and concurring in the judgment) (joining "Parts I and II-A of the Court's opinion"; observing the unguided inquiry applies only "[i]f no federal rule applies").

19

*Plumer*, 380 U.S. 460, 471 (1965). This "unguided analysis" requires considering whether failing to apply the state statute "would (1) be 'outcome determinative,' (2) encourage 'forum-shopping' between state and federal courts, or (3) lead to 'inequitable administration of the laws.'" *See In re Cnty. of Orange*, 784 F.3d 520, 528 (9th Cir. 2015) (quoting *Hanna*, 380 U.S. at 467–68). A rule is "substantive" for *Erie* purposes when it "creates rights or obligations, or 'is bound up with [state-created] rights and obligations in such a way that its application in the federal court is required.'" *Id.* at 527 (quoting *Byrd v. Blue Ridge Elec. Co-op, Inc.*, 356 U.S. 525, 535 (1958)).

### 1. No Federal Rule of Civil Procedure answers the question in dispute.

No federal procedural rule or relevant statute or policy "answers the question in dispute," *see Shady Grove*, 559 U.S. at 398: whether Emmons is entitled to his attorneys' fees in this case where Guenther's damages were under $10,000. Federal Rule of Civil Procedure 54(d)(2) provides the procedural mechanism in federal court for motions for attorneys' fees, including when permitted by statute. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii). This procedural rule thus complements, not conflicts with, RCW 4.84.250 and other state fee-shifting statutes. *See MRO*

20

*Commc'ns*, 197 F.3d at 1280 ("Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees.").

As the Supreme Court has instructed, "[i]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (quoting 6 James Wm. Moore et al., Moore's Federal Practice ¶ 54.77(2) (2d ed.1974)).

As this Court has said, too, the question whether federal or state law applies to an attorneys' fees award "is easily answered": "state law applies," especially because fee-shifting statutes are substantive, not procedural. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) ("federal law establishes that attorney's fees law is substantive for *Erie* purposes"); *see Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 283 (9th Cir. 2018) ("*Erie* principles further persuade us that Appellants are entitled to seek fees pursuant to" California law (footnote omitted)); *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) ("State laws awarding attorneys' fees are generally

21

considered to be substantive laws under the *Erie* doctrine."); *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1111 (9th Cir. 2007) ("when state statutes authorize fee awards to litigants in a particular class of cases, the statutes are substantive for *Erie* purposes"); *MRO Commc'ns*, 197 F.3d at 1282–83 ("we apply the law of the forum state to determine whether a party is entitled to attorneys' fees"; "[i]t would be unjust and a violation of the national policy described in [*Erie*], to reach a different result here simply because the forum is federal"); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478–79 (9th Cir. 1995).

Washington law is in accord:  "where the legislature provides for the allowance of attorney fees, it creates a substantive right and not a procedural remedy."  *Pa. Life Ins. Co. v. Emp. Sec. Dep't*, 645 P.2d 693, 694 (Wash. 1982).

Washington law is also clear that RCW 4.84.250 reflects a "substantial policy of the state" that "should be followed."  *See Alyeska*, 421 U.S. at 259 n.31.  As discussed, Washington courts have repeatedly made clear that RCW 4.84.250 serves an important deterrent effect

22

against nuisance claims. *See, e.g., Beckmann*, 733 P.2d at 961; *Higgins*, 321 P.3d at 1219; *Pub. Utils.*, 945 P.2d at 724.

There is simply no question, then, that attorneys' fees are substantively recoverable under state law when federal courts sit in diversity.

### 2. RCW 4.84.250 applies under an unguided *Erie* analysis.

Given the lack of conflict, the Court must undertake an "unguided" *Erie* inquiry, examining whether failing to apply the state law would lead to differing outcomes, encourage forum shopping, or result in the inequitable administration of the laws. *See Cnty. of Orange*, 784 F.3d at 528 (quoting *Hanna*, 380 U.S. at 468).

### a. Failure to apply RCW 4.84.250 would discriminate against litigants.

The relevant "outcome affective" question is: "Would 'application of the [state law] have so important an effect upon the fortunes of one or both of the litigants that failure to apply it would unfairly discriminate against citizens of the forum State, or be likely to cause a plaintiff to choose the federal court?'" *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 428 (1996) (alterations adopted) (quoting *Hanna*, 380 U.S. at 468 n.9). Put simply, the test examines whether "the outcome of the

23

litigation in the federal court should be substantially the same . . . as it would be if tried in a State court." *Guaranty Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945).

Failure to apply RCW 4.84.250 in federal diversity actions would unfairly discriminate against any prevailing litigant—plaintiff or defendant—who wants to avail herself of the attorneys' fees provision for unjustifiably having to litigate a small-value claim. The inability to collect otherwise-available attorneys' fees for needlessly prosecuting or defending a small-value claim surely has an "important effect upon the fortunes of . . . the litigants." *See Gasperini*, 518 U.S. at 428. The result would be forum-dependent, *see Guaranty Tr.*, 326 U.S. at 109, and would accordingly conflict with the goals of *Erie*.

### b. Failure to apply RCW 4.84.250 would frustrate *Erie*'s core policies.

*Erie* is designed to avoid "substantial variations" in outcomes based on whether the litigants are in state or federal court. *See Gasperini*, 518 U.S. at 430 (internal quotation marks omitted). When, unlike here, it is unclear whether a statute is substantive or procedural, the unguided *Erie* analysis helps assess whether it "implicates an essential characteristic of the federal system," such that it should not be

24

applied. *See Cnty. of Orange*, 784 F.3d at 528 (unguided analysis is informed by *Erie*'s core policies). State fee-shifting statutes "usually . . . will not" run counter to any federal rules. *Alyeska Pipeline*, 421 U.S. at 259 n.31 (internal quotation marks omitted).

Applying the statute regardless of the forum is the best way to avoid "substantial variations," *see Gasperini*, 518 U.S. at 430, in outcomes. Nothing about RCW 4.84.250 "implicates an essential characteristic of the federal system" such that it should not be applied. *See Cnty. of Orange*, 784 F.3d at 528. Rather, as observed in *Alyeska Pipeline* and in numerous decisions from this Court, *supra* pp. 21–22, state fee-shifting statutes are simply substantive laws that regularly apply and fit comfortably within the rubric of existing federal law.

Disallowing recovery of attorneys' fees in federal court when such fees are recoverable in state court, however, *would* be a "substantial variation" in rights between the fora. A litigant seeking access to justice to vindicate a reasonable small-value claim can receive fees in state court. Yet most such litigants lack Guenther's litigation resources, *see supra* p. 6 n.3, and the statute incentivizes counsel to help such plaintiffs. *See, e.g., Northside Auto Serv., Inc. v. Consumers*

25

*United Ins. Co.*, 607 P.2d 890, 894 (Wash. Ct. App. 1980) ("The obvious legislative intent is to enable a party to pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees."); *cf. Hughes v. Kore of Ind. Enter., Inc.*, 731 F.3d 672, 675 (7th Cir. 2013) (Posner, J.) ("What lawyer could expect the court to award an attorney's fee commensurate with his efforts in the case, if his client recovered only $100?").

Consider a defendant who pleads a counterclaim in federal court for under $10,000. If the plaintiff unjustifiably resists the counterclaim, driving up the litigation expenses, the defendant would be stuck with whatever fees were incurred in pursuing it—even though such fees would have been recoverable in state court. Any such defendant is unlikely to bring her counterclaim. Or consider cases where small-value-claim plaintiffs are forced to be in federal court, such as through impleader of a third party. Those plaintiffs, too, would lose their rights to seek fees.

Applying the statute avoids these issues. It also comports with the myriad cases from this Court applying other similar state laws. And it respects Washington's policy choice regarding the consequences

26

of unreasonably pursuing low-value claims—consequences that should apply no matter the forum.

## II. EMMONS IS ALSO ENTITLED TO HIS FULL COSTS INCURRED AND CLAIMED BELOW

Emmons is entitled to his nontaxable costs as part of his valid attorneys' fees claim, an issue the district court did not reach apparently because of its fees ruling.

Emmons requests reimbursement for "reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *See Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006); *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) ("[W]e repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties."). The unawarded costs that Emmons requested— such as e-discovery costs, witness fees, online research, courier services, and travel—unquestionably meet this standard, as they are all customarily charged to fee-paying clients. *See* 2-ER-82 ¶ 50; 2-ER-84–91.

In reversing, this Court should order the district court to award

Emmons's remaining requested costs on remand.

## III. EMMONS RESPECTFULLY REQUESTS THIS COURT AWARD HIM ATTORNEYS' FEES UNDER RCW 4.84.290

The same statutory scheme undergirding Emmons's right to fees

also entitles the prevailing party on appeal to attorneys' fees.

Specifically, RCW 4.84.290 provides that:

> if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.

*Id.* Washington appellate courts apply this statute to award fees to

prevailing parties pursuant to separate application under their own

rules. *See Higgins*, 321 P.3d at 1230 (awarding fees on appeal under

RCW 4.84.290); *Lay*, 51 P.3d at 134–35 (same); *see also Lowery v.

Nelson*, 719 P.2d 594, 597 (Wash. Ct. App. 1986).

Emmons is entitled to his reasonable appellate fees, given the

statute's applicability here and its mandatory language. *See*

RCW 4.84.290 ("[T]he court deciding the appeal *shall* allow to the

prevailing party . . . reasonable . . . attorneys' fees for the appeal.")

(emphasis added). Emmons respectfully requests such fees, to be demonstrated in a manner the Court deems most appropriate.

//

//

//

//

//

## CONCLUSION

For all these reasons, this Court should reverse the district court's denial of Emmons's fees motion and remand with instructions to grant the motion in its entirety, including as to the requested costs. It should also award Emmons reasonable fees incurred on appeal.

Dated: September 12, 2025                    Respectfully submitted,

                                             *s/John A. DiLorenzo, Jr.*
                                             John A. DiLorenzo, Jr.
                                             DAVIS WRIGHT TREMAINE LLP
                                             560 SW 10th Avenue, Suite 700
                                             Portland, OR 97205
                                             Telephone: (503) 241-2300
                                             johndilorenzo@dwt.com

                                             Ambika Kumar
                                             Sara A. Fairchild
                                             DAVIS WRIGHT TREMAINE LLP
                                             920 Fifth Avenue, Suite 3300
                                             Seattle, WA 98104-1610
                                             Telephone: (206) 622-3150
                                             ambikakumar@dwt.com
                                             sarafairchild@dwt.com

                                             Counsel for Defendants-Appellants
                                             JOSEPH H. EMMONS and OSPREY
                                             FIELD SERVICES, LLC

                                             *Additional counsel on following page*

Matthew E. Ladew
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3487
Telephone: (213) 633-6800
mattladew@dwt.com

Counsel for Defendants-Appellants
JOSEPH H. EMMONS and OSPREY
FIELD SERVICES, LLC

31

## STATEMENT OF RELATED CASES

The undersigned is unaware of any related cases currently

pending in this Court.

_s/ John A. DiLorenzo, Jr._
John A. DiLorenzo, Jr.

Counsel for Defendants-Appellants
JOSEPH H. EMMONS and OSPREY
FIELD SERVICES, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  25-3650

I am the attorney or self-represented party.

**This brief contains**  6,281  **words,** including [                ] words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

  [ ] it is a joint brief submitted by separately represented parties.
  [ ] a party or parties are filing a single brief in response to multiple briefs.
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [                ].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**  s/ John DiLorenzo, Jr.  **Date**  9/12/25

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                                     *Rev. 12/01/22*